IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COSMETIQUE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 367 |
| | ) |
| VALUECLICK, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant ValueClick, Inc.'s (ValueClick) and Defendant Web Marketing Holdings, Inc. d/b/a Webclients, Inc.'s (Webclients) motion to dismiss. For the reasons stated below, we grant in part and deny in part the motion to dismiss.

**BACKGROUND**

Plaintiff Cosmetique, Inc. (Cosmetique) alleges that it is a direct marketer of cosmetics and runs Cosmetique Beauty Club (Beauty Club). Cosmetique allegedly paid Defendants to generate sales leads for the Beauty Club on the internet. From late 2006 through September 2007, Defendants allegedly advertised the Beauty Club

1

on their webpages. Defendants allegedly displayed misleading and deceptive advertisements (Advertisements) indicating that consumers could obtain a free gift from Cosmetique (Gift) by joining the Beauty Club, without making any purchase from Cosmetique. In actuality, consumers were allegedly required to purchase certain goods offered by Cosmetique in order to qualify for the Gift. Consumers allegedly responded to the offer for the free Gift and joined the Beauty Club, and later demanded a refund when they learned that, in order to get the Gift, they would have to make certain purchases from Cosmetique. Cosmetique includes in its amended complaint Illinois Consumer Fraud and Deceptive Business Practices Act (Illinois Fraud Act), 815 ILCS 505/1 *et seq.*, claims (Count I). Defendants move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

I. Standing of Non-Consumer

Defendants argue that Cosmetique lacks standing to bring an Illinois Fraud Act claim because Cosmetique is not a consumer that was deceived. Generally, in order to state a claim for "unfair or deceptive acts or practices," under the Illinois Fraud Act, a plaintiff must establish: "(1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the deception occurred in the course of trade or commerce; and (4) the consumer fraud proximately caused the plaintiff's injury." *White v. DaimlerChrysler Corp.*, 856 N.E.2d 542 (Ill. App. Ct. 2006). Cosmetique acknowledges that it is not a consumer and that it was not deceived by the promotional offers attached as exhibits to the amended complaint (Promotional Offers). Cosmetique seeks to pursue the Illinois

3

Fraud Act claim based on its contention that it suffered harm from deceptive conduct that implicates consumer concerns.

Illinois courts have allowed non-consumers to bring actions under the Illinois Fraud Act in certain situations, such as when a deceptive statement to consumers alters the natural competition in the marketplace. *See, e.g., Browning v. AT & T Corp.*, 682 F.Supp.2d 832, 843 n.7 (N.D. Ill. 2009)(stating that "[c]ourts have occasionally held that a claim can be stated under the [Illinois Fraud Act] even where the alleged deceptive statements are not directed specifically at the plaintiff" but that "these cases are typically brought by corporate plaintiffs or involve allegations that the defendant was engaged in an attempt to deceive the public generally"); *See also Russian Media Group, LLC v. Cable America, Inc.*, 2008 WL 360692, at *3 (N.D. Ill. 2008)(stating that "[c]ourts have allowed businesses to sue under the [Illinois Fraud Act] for competitive injury when other businesses deceive customers" and "[i]n such situations, there is no requirement that the deceptive conduct be aimed at the plaintiff"). The Illinois Appellate Court has explained that "[w]hen a dispute under the [Illinois Fraud Act] involves businesses who are not consumers of each other's products, the issue is whether the alleged conduct involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns." *Empire Home Services, Inc. v. Carpet America, Inc.*, 653 N.E.2d 852,

854 (Ill. App. Ct. 1995)(stating that Illinois courts have allowed "competitors who are not consumers of each other's goods and who do not have a contract with one another to sue under the Consumer Fraud Act" and "[t]he protections of the statute are not limited to consumers")(internal quotations omitted).

In the instant action, there are somewhat unique facts relating to consumer protection concerns. Cosmetique contends that ValueClick has been recently investigated by the Federal Trade Commission (FTC) regarding consumer protection concerns. Cosmetique also contends that the FTC brought an action pursuant to the Federal Trade Commission Act, 15 U.S.C. 41, *et seq.*, against ValueClick and other parties (FTC Action). Cosmetique has filed a copy of the complaint in an action brought in 2008 by the FTC against ValueClick and other parties, which alleges violations of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003, 15 U.S.C. § 7701, *et seq.*. The FTC alleged in the FTC Action that ValueClick presented promotional offers on its websites and purported to offer free merchandise. (FTC Compl. Par. 17). The FTC also alleged that ValueClick falsely gave the consumer the impression that he had won a gift and failed to clearly and conspicuously disclose that the consumer needed to incur expenses or other obligations to receive the promotional gift. (FTC Compl. Par. 19, 21). The FTC further alleged that ValueClick's websites "group[ed] the tiers of

5

offers that qualify the consumer for the promised free merchandise into three categories: Silver, Gold, and Platinum," and that the website indicated that the consumer was required "to 'participate in' multiple offers from each category to obtain the promised free merchandise." (FTC Compl. Par. 23-24). Such statements are similar to the types of statements included in the Promotional Offers that are at issue in the instant action. Although, according to Defendants, the FTC action was settled, the fact that the FTC decided to bring a civil action against ValueClick based on such conduct is an indication that consumer protection concerns are raised in regard to such conduct. In the instant action, Cosmetique alleges that Illinois consumers were deceived by Defendants and that Cosmetique was harmed as a result of conduct that implicates consumer protection concerns. Thus, under the unique circumstances of this case, Cosmetique has standing to bring the instant action.

II. Promotional Offers Not Named in Amended Complaint

Defendants object to Cosmetique's indication in its opposition to the instant motion that Cosmetique is basing its fraud claims upon a broad scheme of fraud. Defendants correctly point out that the court dismissed Cosmetique's original complaint since Cosmetique had failed to plead the fraud-based claims with particularity in accordance with Federal Rule of Civil Procedure 9(b)(Rule 9(b)).

Rule 9(b) required Cosmetique to specifically allege certain facts such as the statements that were allegedly fraudulent or deceptive. *See, e.g., Rao v. BP Products North America, Inc.*, 589 F.3d 389, 401 (7th Cir. 2009)(stating that for a claim that sounds in fraud, the plaintiff must plead the "'who, what, when, where, and how' of the alleged fraud")(quoting in part *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990)). The court gave Cosmetique an opportunity to file an amended complaint, and Cosmetique responded by filing an amended complaint and specifically referencing the two Promotional Offers, which were attached as exhibits to the amended complaint. Cosmetique makes clear in its amended complaint that it is premising its claims upon deceptive conduct, and thus Rule 9(b) still applies to the claim in the amended complaint. (A. Compl. Par. 8); *but see Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.*, 536 F.3d 663, 669-70 (7th Cir. 2008)(indicating that Rule 9(b) does not apply to a purely unfair practices claim).

Cosmetique contends in its opposition to the instant motion that its claims are based on a "fraudulent and deceptive advertising scheme," which is not limited to the two Promotional Offers that were attached to the amended complaint. (Ans. Dis. 3). Cosmetique argues that it merely provided the Promotional Offers as examples in order to comply with Rule 9(b). (Ans. Dis. 3). However, Rule 9(b) does not require

7

plaintiffs to give some examples of fraud to give the defendant a flavor of what the case is about. Rule 9(b) requires a plaintiff to specifically identify the alleged fraudulent or deceptive statements that are the basis of the instant action. The Seventh Circuit has explained that the purpose of Rule 9(b) particularity requirement "is to minimize the extortionate impact that a baseless claim of fraud can have on a firm or an individual" because during the lengthy discovery period "a claim of fraud will stand unrefuted, placing what may be undue pressure on the defendant to settle the case in order to lift the cloud on its reputation." *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 748-49 (7th Cir. 2005). The Seventh Circuit has further explained that "[t]he requirement that fraud be pleaded with particularity compels the plaintiff to provide enough detail to enable the defendant to riposte swiftly and effectively if the claim is groundless" and "[i]t also forces the plaintiff to conduct a careful pretrial investigation and thus operates as a screen against spurious fraud claims." *Id.*

In the instant action, it was incumbent upon Cosmetique to provide Defendants with notice of each and every statement that Cosmetique believes was fraudulent and deceptive so that Defendants could effectively respond to such accusations in a prompt manner. Cosmetique cannot identify specific statements to satisfy Rule 9(b) and then change the basis of its claim to a generalized accusation of

8

a fraudulent scheme to which Defendants cannot effectively respond. Cosmetique was allowed to proceed in this case based on its identification of two specific Promotional Offers that Cosmetique believes were deceptive and fraudulent. Cosmetique is limited to proceeding in this case on claims premised on the Promotional Offers attached as exhibits to the amended complaint. Therefore, to the extent that Defendants seek to dismiss any claims that are premised on offers or advertisements other than the Promotional Offers attached to the amended complaint, we grant the motion to dismiss.

II. Whether Disclosures in Promotional Offers Were Clear and Conspicuous

Defendants contend that the Promotional Offers were not deceptive since all necessary disclosures were clear and conspicuous. Cosmetique claims that Defendants failed to clearly and conspicuously disclose that, to receive the Gift, the consumer needed to incur expenses and/or obligations and to disclose what such expenses and/or obligations were. A plaintiff bringing an Illinois Fraud Act claim must establish that the defendant engaged in "unfair or deceptive conduct." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010); 815 ILCS 505/2. The Illinois Fraud Act provides that "[i]t is an unlawful practice for any person to promote or advertise any business, product, utility service, including but not limited to, the provision of

9

electric, telecommunication, or gas service, or interest in property, by means of offering free prizes, gifts, or gratuities to any consumer, *unless all material terms and conditions relating to the offer are clearly and conspicuously disclosed* at the outset of the offer so as to leave no reasonable probability that the offering might be misunderstood." 815 ILCS 505/2P (emphasis added).

Defendants contend that they clearly and conspicuously disclosed the steps that a consumer would be required to take in order to receive the "free" merchandise offered in the Promotional Offers. (A. Compl. Ex. A, B). The court can consider the Promotional Offers for the purposes of ruling on the instant motion since they are attached to the amended complaint. *Thompson*, 300 F.3d at 753 (stating that "[t]he consideration of a 12(b)(6) motion is restricted solely to the pleadings, which consist generally of the complaint, any exhibits attached thereto, and supporting briefs"). However, as Cosmetique points out, assessing whether disclosures are clear and conspicuous generally involves factual matters. It is not patently obvious from the record before the court that Defendants disclosed the necessary information in a clear and conspicuous manner. While the Promotional Offers make references to completing "the Silver offers listed below," it is not apparent from the pleadings what the completion of "the Silver offers" entailed, nor whether consumers would understand the expenses and obligations they would need to incur to complete the

"Silver offers." (A. Compl. Ex. A, B). Nor do the pleadings conclusively indicate what happened on Defendants' webpages when a consumer clicked on the "Silver offers" icons. (A. Compl. Ex. A, B). The pleadings merely include printouts of portions of Defendants' websites. The pleadings do not include an instructive page explaining how each printout would appear as a user navigated through Defendants' websites. It is not appropriate at the pleadings stage to resolve the merits of claims by speculating about such facts. Defendants themselves complain that the Promotional Offers attached to the amended complaint do not include all the information and links that were viewed by consumers in connection with the Promotional Offers. (Mem. Dis. 5 n.3). The court may not look beyond the complaint and Promotional Offers and engage at the pleadings stage in an evidentiary inquiry to fill gaps left by the facts included in amended complaint.

Defendants contend that it is obvious that the Promotional Offers contain clear and conspicuous disclosures because of the references in the offers to the need to complete "Silver offers." (A. Compl. Ex A, B). However, the FTC accused ValueClick of unlawful conduct and brought an action against ValueClick based on offers that contained similar provisos. We also note that although there are references in the Promotional Offers to the completion of other offers, there are also repeated references to "gift[s]" and repeated usage of the word "free" in relation to

such gifts. (A. Compl. Par. A, B). Thus, it is not apparent on the face of the Promotional Offers that all required disclosures were clear and conspicuous.

Defendants also contend that evidence concerning the FTC Action is irrelevant since Webclients is the party in this action that is allegedly directly responsible for the publication of the Promotional Offers and Webclients was not a defendant in the FTC Action. However, ValueClick is a named Defendant in this case and Webclients is allegedly a subsidiary of ValueClick. (A. Compl. Par. 3). The mere fact that Defendants are presenting arguments containing evidentiary objections illustrates that Defendants are seeking to overstep the appropriate inquiry at the pleadings stage and to delve into the merits of this action. Defendants can argue at the summary judgment stage what evidentiary import the FTC Action has in this case.

Cosmetique also contends that it would be unfair to dismiss this action at this stage since it intends to conduct discovery and possibly retain an expert. Cosmetique can seek to introduce expert testimony regarding whether the disclosures made by Defendants were clear and conspicuous, and it would be unfair to dismiss the action at this stage before Cosmetique has been provided with such an opportunity. Cosmetique also indicates that it intends to conduct discovery as to the investigations and findings of the FTC in the FTC Action. Thus, as illustrated above it is not clear,

based on the face of the pleadings that Defendants made the proper disclosures in a proper manner. The allegations in the amended complaint are not such that Cosmetique has effectively pled itself out of court by alleging facts that establish Defendants' defense. *See, e.g., Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006)(indicating that a dismissal may be appropriate based on a defense if the "plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense"). It is premature at this juncture to determine whether Defendants made proper disclosures and whether such disclosures were made in a clear and conspicuous manner.

III. Nexus to Illinois

Defendants contend that Cosmetique has not shown a sufficient nexus to Illinois to bring an Illinois Fraud Act claim. A plaintiff can pursue an Illinois Fraud Act claim "if the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 854 (Ill. 2005). Defendants contend that Cosmetique alleges only that Illinois consumers responded to Advertisements and that Cosmetique fails to allege that any Illinois consumers were deceived by the Advertisements. However, there is no specific requirement that a plaintiff expressly state the connection of the action to

Illinois. Cosmetique alleges in its amended complaint that over 8,000 Illinois consumers joined the Beauty Club through the Advertisements such as the Promotional Offers and that the Advertisements deceived consumers. (A. Compl. Par. 8-14, 26). It is plausible that of the 8,000 Illinois consumers, at least one or more could have been allegedly deceived by the Promotional Offers. All inferences at this stage must be made in favor of Cosmetique, the non-movant. *Thompson*, 300 F.3d at 753. Cosmetique also alleges that it is an Illinois company, which indicates connections to Illinois. Whether there is evidence that an Illinois consumer was deceived by the Promotional Offers and whether there is other evidence to show that the disputed transaction occurred primarily and substantially in Illinois can be properly assessed at the summary judgment stage, but it is premature to engage in such a factual analysis at the pleadings stage. Cosmetique has presented sufficient allegations at this juncture to show a sufficient nexus to Illinois to bring an Illinois Fraud Act claim. Therefore, based on the above, we deny Defendants' motion to dismiss the claims that are based on the Promotional Offers attached to the amended complaint.

**CONCLUSION**

Based on the foregoing analysis, we grant Defendants' motion to dismiss all claims that are based on offers other than the Promotional Offers attached to the amended complaint. We also deny Defendants' motion to dismiss all claims that are based on the Promotional Offers attached to the amended complaint.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 4, 2010